**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EUGENIA FELIX AVILA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-907

Agency No.
A095-753-546

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 16, 2024
Pasadena, California

Before: BADE and FORREST, Circuit Judges, and CURIEL, District Judge.**

Petitioner Eugenia Felix Avila, a native and citizen of Mexico, petitions for

review from the Board of Immigration Appeals' ("BIA") dismissal of her appeal

from the immigration judge's ("IJ") decision denying relief under the Convention

Against Torture ("CAT").  She challenges the agency's partial credibility

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Gonzalo P. Curiel, United States District Judge for the
Southern District of California, sitting by designation.

determination and the agency's conclusion that she was unlikely to suffer torture with the acquiescence of government officials if removed to Mexico. As the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review legal conclusions de novo and factual findings, including adverse credibility findings and those underlying a denial of CAT relief, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). When, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and "does not express any disagreement with the IJ's reasoning or conclusions, we revisit both decisions and treat the IJ's reasons as those of the BIA." *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011).

1. The IJ's partial adverse credibility finding is supported by substantial evidence. Credibility determinations involve a review of the totality of the circumstances and may be based on, *inter alia*, the inherent plausibility of the account and consistency within testimony and across the record, even if an inconsistency does not go to the heart of the claim. 8 U.S.C. § 1229a(c)(4)(C); *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010). Although the IJ found that Felix Avila "generally credibly testified" that she had experienced past torture and harm, it found that she was not credible in testifying that her torturer, Jesse de

la Vega Ramos, was associated with El Chapo or that he was currently interested in her whereabouts in Mexico.

Felix Avila omitted the allegation that Ramos was associated with El Chapo in her declarations, raising it for the first time in her direct testimony, and she was unable to provide corroboration. Because "omissions can certainly form the basis of an adverse credibility determination," *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022), and because it was reasonable for the IJ to find it implausible that Ramos had a high position in El Chapo's organization, especially without corroboration, substantial evidence supports the IJ's adverse credibility finding regarding Ramos's association with El Chapo.

Substantial evidence also supports the IJ's determination that Felix Avila was not credible in testifying that Ramos was still looking for her. Felix Avila's testimony that her sister did not speak directly to Ramos at a 2018 baptism celebration, was contradicted by the declarations of Felix Avila's siblings. And "even minor inconsistencies may have" "a legitimate impact" on credibility, and they need not go to the heart of the claim. *Shrestha*, 590 F.3d at 1044, 1047. The inconsistency here involves an important detail about an incident which is central to Felix Avila's claim of future torture. *See Ruiz-Colmenares*, 25 F.4th at 749-50.

Even assuming that the IJ gave Felix Avila insufficient opportunity to explain the inconsistency, any error was harmless because the remaining

considerations provide substantial evidence for the adverse credibility finding under the totality of the circumstances. *See Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021). Ramos has had no contact with Felix Avila in almost two decades, has never targeted or harmed any of her family members in Mexico, and no longer has contact with her daughters (with whom she had with Ramos) in Mexico. Thus, even without the inconsistency, substantial evidence in the record supports the agency's finding that it was implausible that Ramos is still looking for Felix Avila. *Id*.

2. Substantial evidence also supports the agency's denial of CAT relief. An applicant for relief under CAT must establish that "she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Although past torture is a principal factor in assessing the risk of future torture—and there is no dispute here that Felix Avila suffered past torture—"[t]he inference that future torture is likely to recur breaks down where circumstances or conditions have changed significantly, not just in general, but with respect to the particular individual." *Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021) (citation and internal quotation marks omitted).

The torture Felix Avila experienced occurred over twenty years ago and neither Felix Avila nor her family have been attacked by Ramos since then. *See*

*Mairena v. Barr*, 917 F.3d 1119, 1126 (9th Cir. 2019) (observing that the persecution the petitioner experienced occurred over thirty years ago). Felix Avila was not harmed by Ramos when she lived in Mexicali in the early 2000s for a few months to two years, Felix Avila's daughters stayed in Mexico after Felix Avila fled to the United States and Ramos has not attempted to harm them, and even though Ramos threatened to harm her mother if Felix Avila did not return, he has not done so. The few threats he has made have been vague and gone unfulfilled. Substantial evidence in the record supports the agency's finding that Felix Avila is not more likely than not to be tortured in Mexico. Thus, we uphold the denial of CAT relief.

The temporary stay of removal remains in place until the mandate issues. The motions for stay of removal are otherwise denied.

**PETITION DENIED.**